### JAY ag<sup>t</sup> WOODMANSEY

Thomas Jay of Hingham Carpenter plaint. ag<sup>t</sup> John Woodmansey of Boston Defend<sup>t</sup> in an action of debt to the value of three hundred eighty five pounds two Shillings & eight pence or thereabouts due to the s<sup>d</sup> Thomas Jay for severall parcells of mony, ninety one pound for a Warehouse by apprizement, timber, plancks, boards & goods as

appeares by the s^d Thomas Jay's account with all due damages according to attachm^t Dat. aprill: 21° 1675 . . . the Jury . . . founde for the plaint. three hundred Eighty Five pounds two Shillings eight pence to bee paide as followeth. viz^t £:10:5:0: in mony, Forty Five pound in Fish at price currant & the remainder in provisions at price currant & costs of Court: the Defend^t appeal^d from this judgem^t unto the next Court of assistants & himselfe principall in £800. Cap^tn Sam° Scarlett && Joseph Rock Sureties in £400 apeice acknowledged themselves respectiuely bound to . . . prosecute his appeale . . . [ 308 ]

[ See Woodmancy v. Joy, p. 129, for the beginning of this litigation, and the audits of their accounts on pp. 145, 149. There is a long account in S. F. 1433.8, from 1659 to 1667.

### S. F. 1433.3

Jn° Woodmansey his Reasons of appeale from y^e Judgm^t of the hono^rd Countey Cou^rt held at Boston in Aprill last, to this hono^rd Court of Assistants in the case Depending betweene Tho: Jay & himselfe. vizt:

First. The action being an action of accompt (or of Debt appearing by accompt w^ch is all one) I app^rhend (w^th all humble submission) that the then plaintiffe ought to have produced a booke, or bookes, out of w^ch his p^rtended accompt was taken, to the end they might have beene examined, & Compared in Court, or by an audit appointed thereto, before he had sworne to it, or elce that he should have made some other equivolent proofe, to each article disowned by mee, all which was required of mee & done to effect, before I Could obteine Judgm^t against him, therfore I appeale,

2^ly: The same action (without any materiall difference hath beene Commenc[ed] against mee by the Pll^t divers times, before now, Especially att the County Cou^rt in July 1672 as may appeare by the records, & by the Summons here extant, where the then pll^t tendred his oath to his then p^rtended accompt, w^ch was somewhat different from this, the Court then demaunded his booke that it might be compared & audited, his answer was that his books were too big & too heavy to be brought into Court, meaning as he explained himselfe, the worke he had done for mee (w^ch was then mentioned as one article in the attachm^t & Summons, though not now) in Fine he owned he had noe other bookes, whereupon the hono^rd Court then saw cause to refuse his oath, to his p^rtended accompt, soe that his actions Could not proceed, which occasioned mee to make a motion in Court, that men might be chosen in Cou^rt & appointed to veiw what should be p^rsented against mee by him, I promiseing to allow whatsoever he could prove, or I Could owne, and men were accordingly appointed, & it is not my Fault that it hath not beene attended, whatsoever the Pll^t injuriously p^rtends, for I often spake to Huegh Druery, who was one of them to promote it, being earnestly desirous to attend the issue in that or any other honest way, & I writt earnestly to the Pll^t to that end, a Coppy whereof is here extant, Now may it please this hono^rd Court & jury to consider, that he being then not permitted to sweare soe

dangerous an oath, to his then p<sup>r</sup>tended accompt, & the case being the same now, I might well expect the same issue, therfore I provided noe other deffence, which I could plentifully have done if I Could have foreseene such an alteration Therfore I Appeale —

3<sup>ly</sup> The plaintiffs p<sup>r</sup>tended accompt to w<sup>ch</sup> he hath sworne, consisting of twenty & eight articles, hath not any date to any perticuler charged therein Save only to an apprisem<sup>t</sup> of one warehouse at Ninety one pound, w<sup>ch</sup> I ever owned & gave him Creditt for, & a wharfe veiwed by Deacon Allin and Huegh Drury upon his mis:information, all the other twenty & Six articles though very considerable summes many of them, & of Fourteene years standing & more from the first, being without dates, & not taken out of any booke but his owne treacherous Memory: it may well be suspected that he hath taken an unsafe oath to my great p<sup>r</sup>judice, therfore I appeale,

4<sup>ly</sup> All the perticulers in difference, are noe otherwise proved then by his owne oath, without booke or date, which if it should passe for Currant, he or any other of like conscience may sweare themselves into an estate att pleasure, & of what dangerous consequence, such p<sup>r</sup>sident may be to others as well as to my selfe, I humbly present & leave to the Serious consideration of this hono<sup>r</sup>d Court, As for his eight First articles, together with the thirteenth, ammounting to above two hundred & thirty pounds & part of some other articles to the vallue of Fivety or sixty pounds when Finished, these I ever owned, both in Court & elsewhere, but was never in debt to him for any of them because he was alwayes overpayd beforehand, as will appeare by my account which I gave him, which accompt he putt into the Court (though much corrupted since he had it) except his want of dates to his charge darken the case, which if it doe, it is evident that I have proved my charge First, but I could never immagine, that upon my owning the greatest part of his p<sup>r</sup>tended accompt the juery would give him the rest, w<sup>ch</sup> I never owned, nor he hath proved, I doe not beleive that was the Courts intention in permitting his oath, But there are in his p<sup>r</sup>tended accompt, twelve or thirteene articles which I utterly deny, as being either not done at all, or not done for mee, (besides divers things, being vallued by himselfe only, are over-rated very much, as the bridge & belconie, w<sup>ch</sup> are prized by him at more then three times the worth of what he did towards them, & other things charged more in quantity then were done for mee, as wharfing &c, or received by mee, as planke &c And though it is difficult to prove Negatives, I am sufficiently able to prove divers articles in his p<sup>r</sup>tended accompt to be false, I instance in the eleventh article of twenty & Six pounds, for part of a frame of a dwelling house, besides six pounds, & other summes about the same house, whereas I never sett him aworke about it, but can Fully prove, that he hath owned to others what he hath often told mee, vizt that he was sett aworke & payd by Capt<sup>n</sup> Olliver for it, & his sonne Joseph Jay who soe earnestly importuned the Countey Court that his Father might take this daungerous oath, & alsoe in his owne oath doth darkely mention this part of the frame of this house, he was one of that juery who found the whole house to be Capt<sup>n</sup> Ollivers & not mine, therfore I am necessitated to appeale,

5<sup>ly</sup> I Suppose it will appeare, that the plaintife hath dealt fraudolently in the management of this action, not only in introduceing papers into the Court & to the juery, not sworne, nor concerning the case, & yett the Creditt of such persons as have thereunto subscribed, may have some influence upon a Flexible juery, as viz<sup>t</sup> Capt<sup>n</sup> Davis his note, in which alsoe there is a mistake of the person who

sayd there was noe record of the Court order, for it was not I, And alsoe there is a note under the hands of Deacon Allin & Hugh Druery, who only declare what the then pll<sup>t</sup> told them, But cheifly in that accompt which I gave to Thomas Jay some yeares since, att the end of which I gave him part Creditt soe far as was then cleare, but he hath not only altered that Credit upon my sayd accompt, & soe falsifyed it as I conceive, but added many perticulers to it according to that p<sup>r</sup>tended accompt to which he hath sworne though not in the same method, nor contenting himselfe w<sup>th</sup> the same summe by which I feare he might somewhat delude the juery, For one of them told me, that he thought I had given him all that Creditt, though since, he hath forgotten it And to evince what I here assert to this hono<sup>rd</sup> Court, I have by the Favour of the hono<sup>rd</sup> Countey Court obteined the originall paper, putt in by the then plaintiffe, (haveing left a Coppy thereof upon record) in which the addition appeares to be Will<sup>m</sup> Leatherlands hand, & by Thomas Jay his order as he the sayd Leatherland told mee, all which I humbly Crave this hono<sup>rd</sup> Courts serious consideration of, that such irregularityes may be p<sup>r</sup>vented for the Future

6<sup>ly</sup> Because the juery hath given the then pll<sup>t</sup> his whole p<sup>r</sup>tended accompt in w<sup>ch</sup> there are divers articles that are not exprest, nor can any way be intended or included in the attatchm<sup>t</sup>, which I humbly conceive is contrary to law, & to the Custome of our hono<sup>rd</sup> Courts, as for instance, they have given him Fourty & Five pounds to be payd in Fish at price Currant, whereas the attachm<sup>t</sup> mentions noe Fish, neither was I ever engaged to pay him any Fish, Jts true I received of m<sup>r</sup> Nicholis Davison of charlestowne, about thirteene or Fourte[en] yeares since, Fourty & Five pounds in Fish, att two payments upon the accompt of Thomas Jay, & by his order, which was in pt of payment, for the great wharfe which he built at Charlstowne for the sayd Davison, and for which I then gave him Creditt, it being in part of what he then owed mee, and he requesting mee to take it in payment for goods, because he Could not otherwise dispose of it to his content And alsoe there are divers articles for worke which are noe way Comp<sup>r</sup>hended in the attachm<sup>t</sup>, nor yett true in themselves one of which is Fiveteene shillings for helpe in the Cellar, when my wines were oversett, I had noe wines there, but the Cellar was hired by m<sup>r</sup> Rob<sup>t</sup> Gibbs, & the wines were his, Now the Cooper haveing let the water into the Cellar, through his forgetfulnese there was dammage & Tho: Jay & his sonnes, being thereabout at worke, were called, & did helpe them a while, & had their Fill of good Mallego wine for their reward, but I sett them not aworke, neither was I any way Concerned in the matter, Further then to know, how this dammage came because the Cellar was hired of mee, This & many other more considerable articles for worke, are in that p<sup>r</sup>tended accompt, & given to him by the juery, which I humbly conceive is illegall, & a great errour in the juery, And they had alsoe at First given him three or foure pounds more then the summe mentioned in the attatchm<sup>t</sup>, which I simply Complaining of, the hono<sup>r</sup>d Governo<sup>r</sup> was pleased to say that was a sufficient reason of appeale, whereupon they were sent out againe, & they rectifyed only that one errour, leaving the rest to their issue, All which I humbly p<sup>r</sup>sent to this hono<sup>r</sup>d Court & juery as the grounds of my appeale from the Judgm<sup>t</sup> of the hono<sup>r</sup>d Countey Court, which gives him more, then I recovered of him, although I can make it appeare he is indebted to mee, to ballance our accompts the best part of a hundred pounds.

yo<sup>r</sup> humble Appeallant

Jn<sup>o</sup> Woodmansey

These reasons of Appeale were delivered by John Woodmansey into the office this Second of 7$^{br}$ att about 3 of the Clock & received per Js$^a$ Addington: Cler.

Vera: Copia Attes$^{tr}$ per Edwd: Rawson Secret

### S. F. 1433.4

Joseph Joy Attorney of his father Thomas Joy [*torn*] answer to John Woodmonsies reasons of Appeal soe cal[d]

first J doe humbly conceive that all the reason contained in his pape[r] called Reasons might have bin comprized in a very small volume the which he hath made to be a wholl sheet of paper full written & therby (as J humbly conceive) hath not prosicuted his appeal according to Law, which sayeth title Appeals he shall breifly vnder his hand give in his reasons & if his be breif J know not what is long & therfore doe intreate it to be determined by the Bench whither he hath not forfeited his bonds for prosicution of his appeal before the cause goe on. but if J must answer J say.

To his first Jt being an Action of Accoumpt or debt vpon Accoumpt &c. he taketh the boldnes to declare his Apprehentions thervpon & thought the Court & Jury would have bin regulated therby but he was mistaken in his apprehentions & there J leave him

To his second J say he is therin soe long on purpose to puzle both Court & Jury (as J Conceive) & is all a new plea not made in the other Court & therfore ought not to come here & that is my answer.

To his third J answer that every Article of my charge is yet obvious to wit my severall workes done & if J have sworn any thing false he may take A remedy legally & God forbid it should prove soe

To his fourth that by the same practice of swearing any may swear themselves into an Estate J answer he may & that very honestly too the works appearing & J hope J might set a price theron & y$^t$ lawfully & swear thervnto as the now plaintif might vpon any of his Goods sold & delivered & if J have wronged him by setting a price too high as he may have done to others there is a Law to punish vs therfore. & after conviction therby he may have a just cause of Review of the Case. And w$^t$ he sayeth of A dwelling house is falatious it doth consist of two double houses built at two severall times.

To his fift tedious story J say if it were true w$^t$ he sayeth what J did with a paper he sayeth he gave mee & calleth it an Accoumpt sure it was my owne & J might doe with it what J listed & it was nothing materiall to my Action for w$^t$ J had Judgment for is evident to all seeing eyes to wit any buildings & his busines was to have proved payment & nothing els as J thinke

To his sixt J say the jury gave noe more then was proved & which J now expect to have. & the now plaintif did not then disprove any thing & he is willfully mistaken in saying the Attachment mentioneth noe fish. it doth mention other Goods as in Accoumpt & the Acc$^t$ mentioneth fish. & he now owneth the receipt of fish of mine. & why should it not be given mee since J am not in his debt And if he had found himself agreived at any thing or proceeding in the former Court he might have had his Action or Actions against mee at July Court last but he was conscious that he had noe just ground therefore. soe leaveing it to your wise Consideration as God shall direct you to doe & rest your humble

servant Joseph I I Joy

his markes

The Court of Assistants confirmed the former judgment and awarded costs to Joy. Thereupon Woodmancy "in open Court declared that he Attainted the Jury & declared he doubted not but he would proove error" and filed bonds to the amount of 500*l* to "prosecute his Attaindure at the next Court of Assistants." There is no record extant of this prosecution. Records of the Court of Assistants, i. 45–6.]